UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren L. Pearson,<br>*a.k.a. Warren Lemont Pearson*,<br><br>                        Plaintiff,<br><br>vs.<br><br>Physician Laura Wellington of William Bryant Hospital System - Columbia Care Center (CCC) in Columbia, S.C.; Physician Dr. Capers; Nurse - Mr. McIntosh; Nurse - Mr. Perry; Nurse - Mr. Taryy; Nurse - Mr. Steward,<br><br>                        Defendants. | ) C/A: 4:11-948-RBH-TER<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Warren L. Pearson, *a.k.a.. Warren Lemont Pearson*, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action seeking restitution for personal property, *i.e.* his clothing, which Plaintiff alleges was not returned to him after his hospitalization at the Columbia Care Center. This matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed because it fails to state a claim on which relief may be granted by this Court.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

1

*v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v.*

*Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges:

> The staff at Columbia Care Center - William Bryant Hospital in Columbia, S.C., did not return personal clothing items: One (1) pair of pants - $50; One (1) Dress shirt - $30; One (1) belt - $18; One (1) pair of Dress boots - $65; One (1) Winter Over-Coat - $77; One (1) set of Underclothing - $10. Nurse Steward is the staff member whom initially took my clothes at the Hospital in Columbia, S.C.

ECF No. 1, p. 3. Plaintiff further alleges: "I request monetary compensation for the purpose of replacing the lost items of clothing in the amount of $250.00 dollars." ECF No. 1, p. 5.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11, (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction include (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this

Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident. First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*, 437 U.S. at 373-74. This Court has no diversity jurisdiction in this case, under 28 U.S.C. § 1332, because, according to the information provided by Plaintiff when he filed his Complaint, the personal clothing of which Plaintiff was allegedly deprived is valued at $250.00, and Plaintiff and Defendants are all citizens and residents of South Carolina (ECF No. 1, p. 2, 5).

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint does not specifically allege that a right secured by the Constitution or laws of the United States was violated by Defendants. Even liberally construing the Complaint as asserting a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment,[1] the Due Process Clause is not implicated by a negligent act of a

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff complains of negligent conduct by Defendants, he cannot bring this action under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008)(concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005)(finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Taking Plaintiff's allegations as true, Plaintiff must utilize his remedies under South Carolina law to obtain relief for the alleged taking of his personal property, *i.e.* his clothing, such as by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984)(holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990)(where a state actor commits an "unauthorized act"

of taking property then an adequate state post-deprivation procedure satisfies due process).

Thus, to the extent that Plaintiff's Complaint may be construed as an attempt to bring a due process claim under § 1983 by alleging that Defendants, acting under color of state law, intentionally or negligently deprived Plaintiff of his personal property, or intentionally or negligently allowed another person to deprive Plaintiff of his personal property, Plaintiff's Complaint fails to state a cognizable claim of a constitutional violation by any of these Defendants that may be asserted in federal court. Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *; Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 25, 2011

Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).